IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANGELE A. OZOEMELAM, | * | C.A. No.: |
| Plaintiff, | * | |
| v. | * | **COMPLAINT** |
| DELAWARE STATE UNIVERSITY, an institution of higher education and corporate body; ALLEN L. SESSOMS, individually and in his official capacity as President of Delaware State University; MARK FARLEY, individually and in his official capacity as Vice President for Human Resources and Legislative Affairs of Delaware State University; and DONALD HENRY, individually and in his official capacity as Vice President for Business and Finance of Delaware State University, | * | **TRIAL BY JURY DEMANDED** |
| Defendants. | * | |

    1.    Plaintiff Angele A. Ozoemelam, at all times relevant to this Complaint, was a resident of the State of Delaware residing at 320 E. Broadstairs Place, Apt. 302F, Dover, Delaware 19904.

    2.    Defendant Delaware State University is an institution of higher education and a corporation created by the State of Delaware pursuant to 14 <u>Del</u>. <u>C</u>. §6501 *et. seq.*, and is an employer within the meaning of 42 U.S.C. §2000.

    3.    Defendant Allen L. Sessoms, at all times pertinent hereto, was the President of Defendant Delaware State University

and an agent and employee of Defendant Delaware State University. Defendant Sessoms is an African-American male.

4. Defendant Mark Farley, at all times pertinent hereto, was the Vice President for Human Resources and Legislative Affairs for Defendant Delaware State University and an agent and employee of Defendant Delaware State University. Defendant Farley is a Caucasian American male.

5. Defendant Donald Henry, at all times relevant hereto, was the Vice President for Business and Finance for Defendant Delaware State University and an agent and employee of Defendant Delaware State University. Defendant Henry is an African-American male.

6. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

7. This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. Plaintiff is a female whose race is black and whose national origin is St. Lucian (Caribbean), and at all times relevant to this Complaint, Plaintiff was employed by Defendant Delaware State University.

9. Plaintiff is a naturalized citizen of the United States of America.

10. Plaintiff timely filed a claim for discrimination on the basis of race and national origin with the Delaware Department of Labor and the Equal Employment Opportunity Commission.

11. Because Delaware State University is a governmental agency, Plaintiff was required to seek a Notice of Right to Sue

for her federal discrimination claims against the University from the United States Department of Justice. Said notice was issued on November 8, 2007. Plaintiff has timely filed this suit within 90 days of her receipt of this notice.

12. In January or February 2005, Plaintiff applied for the position of Associate Vice President for Business and Finance at Delaware State University. Plaintiff interviewed for the position in March 2005. When Plaintiff was offered a position, however, she was told that the University had decided to hire two assistant vice presidents for Business and Finance rather than one associate vice president, and Plaintiff was hired as Assistant Vice President for Business and Finance.

13. The other Assistant Vice President for Business and Finance who was hired at the same time as Plaintiff was Penelope Howe, a Caucasian American female.

14. At or around the time of her hiring by the University, Howe became involved in an extra-marital affair with Defendant Farley.

15. After she began her employment with the University, Plaintiff discovered that she had been recommended by the interview panel as the top candidate for the position of Associate Vice President for Business and Finance, but that the University had later decided to hire both Plaintiff and Howe as Assistant Vice Presidents for Business and Finance.

16. Shortly after Plaintiff began her employment with the University, the then Vice President for Business and Finance for the University, Ronald Parr, resigned. Parr was briefly replaced

by another individual, who was abruptly terminated after being found intoxicated on the job. Thereafter, the University was without a Vice President for Business and Finance for approximately nine months, and Plaintiff was forced to fulfill not only her assigned duties as Assistant Vice President for Business and Finance, but also the normal duties of the Vice President for Business and Finance. Thus, for this approximately nine-month period, Plaintiff was required, *inter alia*, to supervise the Office of Student Accounts, the Restricted Accounting Department, the General Accounting Department, the Collections Department, the Accounts Payable Department, and, for a portion of the period, the Payroll Department, in addition to fulfilling the duties of Treasurer and Accountant to the Student Housing Foundation. In conjunction with these requirements, Plaintiff was required to supervise over 30 employees. In addition, Plaintiff was required to fulfill all of these responsibilities without additional compensation.

17. Despite being compensated equally with Plaintiff, Howe was given the responsibility for the internal audit function of the University, wherein she was required to supervise no University employees, and supervised only one non-University employee, who was an employee of the State Auditor's office.

18. Shortly after both Plaintiff and Howe began their employment with the University, Howe urged Plaintiff to apply for the position of Vice President for Business and Finance so that Howe could take over Plaintiff's position, as well as the position

of Comptroller, which at that time was held by an employee of the University named Denese Lindsay. Plaintiff declined to do so.

19. As a result of being required to fulfill the duties referenced hereinabove, and the stress attendant thereto, Plaintiff became ill and was forced to take a medical leave beginning on or about February 6, 2006. Plaintiff was released by her doctor to return to work on or about March 6, 2006.

20. Also on or about March 6, 2006, Defendant Donald Henry began employment as the new Vice President for Business and Finance for the University.

21. Despite the hiring of Henry to fill the position of Vice President for Business and Finance, Plaintiff's duties were not reduced when she returned to work from medical leave. Henry had no prior experience in a university financial setting, and as a result, he relied heavily upon Plaintiff, who oversaw the preparation of the financial reports for the University, including the documents attendant to the budget process. In addition, shortly after Defendant Henry took office, he reassigned Denese Lindsay, the University's comptroller, to a banner facilitator position and made Plaintiff responsible for all her functions. Denese Lindsay also assisted with the facilitation of the audit.

22. Defendant Henry began harassing Plaintiff, making unreasonable complaints about her performance and otherwise being unreasonably critical of her.

23. Plaintiff complained to Defendant Sessoms and to the Provost of the University, Dr. Kenneth Bell, regarding the harassment that she was receiving from Defendant Henry. Defendant

Sessoms and Bell then met with Defendant Henry, and Defendant Henry was told that Plaintiff knew her job, that she did it well, and that Henry needed Plaintiff to keep the Department running.

24. At the end of her contract year, *i.e.*, on June 30, 2006, Plaintiff was given an excellent evaluation.

25. Despite the praise of Plaintiff's performance by Defendant Sessoms and Provost Bell and the excellent evaluation, however, Plaintiff was given merely the across-the-board 2% raise received by all employees of the University, while Howe received a far more substantial raise in her salary.

26. On or about June 30, 2006, Plaintiff was notified by Defendant Farley that she had been reappointed as a professional employee, with the set annual salary reflecting the aforementioned 2% raise.

27. On or about August 21, 2006, Plaintiff received a letter from Defendant Henry listing alleged shortcomings with her performance.

28. On August 29, 2006, Plaintiff responded with a detailed letter, including documentation demonstrating that Defendant Henry's accusations were baseless.

29. On or about September 13, 2006, Defendant Henry acknowledged receipt of Plaintiff's letter, but refused to respond to Plaintiff's statements.

30. On September 26, 2006, Plaintiff was called into Defendant Henry's office to meet with Defendant Henry and Defendant Farley. At this meeting, Defendant Farley asked that Plaintiff tender her resignation. When Plaintiff refused,

Defendant Farley gave Plaintiff a termination letter alleging that the performance concerns raised by Defendant Henry in his August 21, 2006, correspondence had resulted in monetary loss for the University and inefficient production for the Business Department.

31. Defendants Farley, Henry, and Sessoms had conspired together to secure the termination of Plaintiff and to prefer Howe, a Caucasian American female, over Plaintiff.

32. The stated reasons for Plaintiff's termination as set forth in the September 26, 2006, letter authored by Defendant Farley, were pretextual and intended to mask the true reasons for the termination, *i.e.*, discrimination on the basis of race and national origin.

33. In addition, as stated *supra*, Plaintiff was denied the position of Associate Vice President for Business and Finance, harassed, treated unfairly, and denied compensation on the basis of her race and national origin.

34. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

35. Following her termination, Plaintiff pursued all administrative remedies offered by Defendant Delaware State University by appealing the termination decision according to the grievance process for professional employees.

36. On October 20, 2006, a grievance hearing was held before Defendant Henry. Present at this hearing were Defendant Henry, Plaintiff, and counsel for both Plaintiff and the University.

37. The "hearing" before Defendant Henry, and a subsequent "hearing" before Defendant Sessoms, were merely *pro forma* and did not provide Plaintiff a legitimate opportunity to challenge her termination, and Plaintiff was thus denied due process.

38. At the October 20, 2006, hearing, Plaintiff reminded Defendant Henry of her response dated August 29, 2006, to his allegations regarding her performance, and further reminded Defendant Henry that he had never replied to the points raised by her in her response. Defendant Henry then indicated that no reply was necessary. Furthermore, Defendant Henry did not give any reasons for Plaintiff's termination, but simply referred to his August 21, 2006, correspondence, and to other complaints not stated in writing and that he refused to review with Plaintiff and her counsel.

39. Also at the October 20 hearing, Defendant Henry confirmed that Plaintiff's position had been filled the day after Plaintiff's termination, and that Howe had been placed into the position.

40. Pursuant to the grievance procedure, Plaintiff subsequently appealed her termination to Defendant Sessoms, who refused to overturn the decision.

41. The actions of Defendants in denying Plaintiff the position of Associate Vice President for Business and Finance, harassing Plaintiff, denying Plaintiff compensation to which she was entitled and providing greater compensation to a comparable employee outside of her protected classifications, terminating Plaintiff, and refusing to afford Plaintiff due process were

wrongful and discriminatory against Plaintiff on the basis of her race and national origin.

42. In addition, Defendants' wrongful and discriminatory conduct against Plaintiff was wilful and/or wanton.

43. As a direct result of the actions of Defendants, Plaintiff has sustained damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

### COUNT I - TITLE VII

44. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 43 hereinabove.

45. Defendant Delaware State University, acting by and through its agents, discriminated against Plaintiff on the basis of her race and national origin by denying her the position of Associate Vice President for Business and Finance, harassing her, denying her compensation to which she was entitled, denying her a promotion, terminating her, denying her due process, and treating her differently than similarly situated employees of differing race and national origin.

46. Defendant Delaware State University, acting by and through its agents, discriminated against Plaintiff on the basis of her race and national origin, in violation of 42 U.S.C. §2000 *et. seq.*, by subjecting her to a hostile work environment and refusing to respond adequately and appropriately to her complaints.

47. As a direct result of the discriminatory and retaliatory conduct of Defendant Delaware State University, Plaintiff has

suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE Plaintiff demands judgment against Defendant Delaware State University for:

(a) back pay, including interest;

(b) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) punitive damages;

(d) pre-judgment and post-judgment interest;

(e) attorney's fees;

(f) reinstatement or, if not feasible, front pay; and

(g) any other relief that this Court deems just.

## COUNT II - SECTION 1981

48. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 47 hereinabove.

49. By denying Plaintiff compensation to which she was entitled, denying her a promotion, terminating her, and otherwise discriminating against her, Defendants have violated Plaintiff's rights pursuant to 42 U.S.C. §1981.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) back pay, including interest;

(b) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental

anguish, loss of enjoyment of life, and all other non-pecuniary damages;

      (c)   punitive damages;

      (d)   pre-judgment and post-judgment interest;

      (e)   attorney's fees;

      (f)   reinstatement or, if not feasible, front pay; and

      (g)   any other relief that this Court deems just.

### COUNT III - SECTION 1983

50. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 49 hereinabove.

51. Defendants, acting under color of State law, have deprived Plaintiff of the rights afforded her under the United States Constitution and Federal law, in violation of 42 U.S.C. §1983. These rights include, but are not limited to, Plaintiff's rights to equal protection and due process of law, including both procedural due process and substantive due process, pursuant to the Fourteenth Amendment of the United States Constitution, and her rights to be free from discrimination on the basis of her race and national origin.

52. Such violations of law happened in the context of a continuing, widespread, and persistent pattern of Constitutional misconduct of the employees of Defendant Delaware State University and deliberate indifference to or tacit authorization of such conduct by Defendant Delaware State University's policy-making officials after notice to the officials of said misconduct.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) back pay, including interest;

(b) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) punitive damages;

(d) pre-judgment and post-judgment interest;

(e) attorney's fees;

(f) reinstatement or, if not available, front pay; and

(g) any other relief that this Court deems just.

### COUNT IV - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

53. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 52 hereinabove.

54. Defendant Henry, acting as an agent and employee of Defendant Delaware State University, acted wrongfully against Plaintiff by falsifying employment records in order to secure her termination, specifically by issuing the August 21, 2006, correspondence containing false allegations regarding Plaintiff's performance.

55. By the actions of its agent, Defendant Henry, described hereinabove, Defendant Delaware State University has breached the covenant of good faith and fair dealing implied under Delaware law.

56. Defendant's actions in breaching the implied covenant of good faith and fair dealing were willful and/or wanton.

57. As a direct result of the wrongful conduct of Defendant Delaware State University, Plaintiff has suffered damages,

including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE Plaintiff demands judgment against Defendant Delaware State University for:

(a) back pay, including interest;

(b) all other available contractual damages;

(c) reinstatement or, if not available, front pay;

(d) punitive damages;

(e) pre-judgment and post-judgment interest;

(f) attorney's fees; and

(g) any other relief that this Court deems just.

### COUNT V - BREACH OF CONTRACT

58. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 57 hereinabove.

59. By terminating Plaintiff's employment contract prior to expiration of the term said contract and without any reasonable basis for doing so, Defendant Delaware State University breached that contract.

60. Defendant Delaware State University's actions in breaching said contract were willful and/or wanton.

61. As a direct result of the wrongful conduct of Defendant Delaware State University and its agents, Plaintiff has suffered damages, including but limited to, lost wages and all other available contractual damages.

WHEREFORE Plaintiff demands judgment against Defendant Delaware State University for:

(a) back pay, including interest;

(b)   all other available contractual damages;

(c)   reinstatement or, if not available, front pay;

(d)   pre-judgment and post-judgment interest;

(e)   attorney's fees; and

(f)   any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 12-10-2007
NEP:pmw

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Angele A. Ozoemelam

### DEFENDANTS
Delaware State University; Allen L. Sessoms; Mark Farley and Donald Henry

(b) County of Residence of First Listed Plaintiff   Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Noel E. Primos
Schmittinger & Rodriguez, P.A.
414 S. State Street
Dover, DE 19903  (302) 678-5471

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000; 42 U.S.C. 1983, 42 U.S.C. 1981

Brief description of cause: Plaintiff seeks damages for Defendants discriminatory conduct and breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12-10-2007
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **07-804-UNA**

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF **2** COPIES OF AO FORM 85.

__12/11/07__
(Date forms issued)

X __[signature]__
(Signature of Party or their Representative)

X __NOEL E. PRIMOS__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action