IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANGELE A. OZOEMELAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-804 (SLR) |
| ) | |
| DELAWARE STATE UNIVERSITY, ) | |
| an institution of higher education and ) | |
| corporate body; ALLEN L. SESSOMS, ) | |
| individually and in his official capacity ) | |
| and as President of Delaware State ) | |
| University; MARK FARLEY, individually ) | |
| and in his official capacity as Vice President ) | |
| for Human Resources and Legislative ) | |
| Affairs of Delaware State University; ) | |
| and DONALD HENRY, individually and ) | |
| in his official capacity as Vice President ) | |
| for Business and Finance of Delaware ) | |
| State University, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

Defendant Delaware State University ("the University") and individual defendants Allen Sessoms, Mark Farley, and Donald Henry (collectively the "Individual Defendants") hereby respond to the Complaint filed in the above captioned matter as follows:

1.   The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2.   The University and the Individual Defendants admit the allegations contained in this paragraph.

3.   The University and the Individual Defendants admit that Dr. Allen Sessoms is the President of Delaware State University and that Dr. Sessoms is an African American male. The remainder of the allegations contained in this paragraph are denied.

4. The University and the Individual Defendants admit that Mark Farley is the Vice President of Human Resources and Legislative Affairs for Delaware State University and that Mr. Farley is a Caucasian American male. The remainder of the allegations contained in this paragraph are denied.

5. The University and the Individual Defendants admit that Donald Henry was formerly the Vice President of Business and Finance for Delaware State University and that Mr. Henry is an African American male. The remainder of the allegations contained in this paragraph are denied.

6. The allegations contained in this paragraph constitute conclusions of law as to which no responsive pleading is required.

7. The allegations contained in this paragraph constitute conclusions of law as to which no responsive pleading is required.

8. The University and the Individual Defendants admit that Plaintiff was formerly employed by Delaware State University. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

9. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. The University and the Individual Defendants admit that Plaintiff filed a charge of discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission. The remainder of the allegations contained in this paragraph are denied.

11. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. The allegations contained in this paragraph are admitted.

13. The allegations contained in this paragraph are admitted.

14. The allegations contained in this paragraph are denied.

15. The University and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. The allegations contained in this paragraph are denied.

17. The allegations contained in this paragraph are denied.

18. The allegations contained in this paragraph are denied.

19. The allegations contained in this paragraph are denied.

20. The allegations contained in this paragraph are admitted.

21. The allegations contained in this paragraph are denied.

22. The allegations contained in this paragraph are denied.

23. The allegations contained in this paragraph are denied.

24. The allegations contained in this paragraph are denied.

25. The allegations contained in this paragraph are denied.

26. The allegations contained in this paragraph are admitted.

27. The allegations contained in this paragraph are admitted.

28. The allegations contained in this paragraph are denied.

29. The allegations contained in this paragraph are denied.

30. The University and the Individual Defendants admit that Plaintiff was terminated for cause on September 26, 2006. The remainder of the allegations contained in this paragraph are denied.

31. The allegations contained in this paragraph are denied.

32. The allegations contained in this paragraph are denied.

33. The allegations contained in this paragraph are denied.

34. The allegations contained in this paragraph are denied.

35. The allegations contained in this paragraph are admitted.

36. The allegations contained in this paragraph are admitted.

37. The allegations contained in this paragraph are denied.

38. The allegations contained in this paragraph are denied.

39. The allegations contained in this paragraph are denied.

40. The allegations contained in this paragraph are denied.

41. The allegations contained in this paragraph are denied.

42. The allegations contained in this paragraph are denied.

43. The allegations contained in this paragraph are denied.

## COUNT I – TITLE VII

44. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 43.

45. The allegations contained in this paragraph are denied.

46. The allegations contained in this paragraph are denied.

47. The allegations contained in this paragraph are denied.

## COUNT II – SECTION 1981

48. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 47.

49. The allegations contained in this paragraph are denied.

## COUNT III – SECTION 1983

50. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 49.

51. The allegations contained in this paragraph are denied.

52. The allegations contained in this paragraph are denied.

## COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH

53. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 52.

54. The allegations contained in this paragraph are denied.

55. The allegations contained in this paragraph are denied.

56. The allegations contained in this paragraph are denied.

57. The allegations contained in this paragraph are denied.

## COUNT V – BREACH OF CONTRACT

58. The University and the Individual Defendants incorporate herein their responses to paragraphs 1 through 57.

59. The allegations contained in this paragraph are denied.

60. The allegations contained in this paragraph are denied.

61. The allegations contained in this paragraph are denied.

## FIRST AFFIRMATIVE DEFENSE

Each Count of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' conduct toward and treatment of Plaintiff was at all times based upon reasonable, legitimate, and non-discriminatory business reasons.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The University had an effective harassment, discrimination and retaliation policy in place at the time of the incidents set forth in the Complaint, which Plaintiff failed to utilize to alleviate herself of the alleged harassing and/or discriminatory behavior.

## FIFTH AFFIRMATIVE DEFENSE

Any injury allegedly suffered by Plaintiff does not constitute emotional distress.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

Expressly denying any wrongdoing on its part and expressly denying that Plaintiff has been damaged as alleged, Plaintiff has failed to mitigate any damages she alleged she has suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages, no financial loss or any other injury.

## NINTH AFFIRMATIVE DEFENSE

As an instrumentality of the State of Delaware, University is immune from suit pursuant to the 11th Amendment of the U.S. Constitution.

## TENTH AFFIRMATIVE DEFENSE

To the extent that any conduct occurred that violated Plaintiff's constitutional rights, Defendants acted with a rational basis and/or without malice, and their actions were objectively reasonable.

## ELEVENTH AFFIRMATIVE DEFENSE

Expressly denying any wrongdoing on its part and expressly denying that Plaintiff has been damaged as alleged, the University asserts that Plaintiff is not entitled to recover attorneys' fees, expenses or costs.

WHEREFORE, Defendants Delaware State University and the Individual Defendants respectfully request that this Court enter judgment in its favor and against plaintiff:

(a) Dismissing the complaint with prejudice;

(b) Awarding it costs and attorneys fees; and

(c) Granting such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: _____
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware  19801
(302) 984-6000

Dated: January 10, 2008
837489

Attorneys for Defendants
Delaware State University, Allen Sessoms, Mark Farley and Donald Henry

## CERTIFICATE OF SERVICE

I hereby certify this 10th day of January that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

>Noel E. Primos, Esquire
>Schmittinger & Rodriguez, P.A.
>414 S State Street
>P.O. Box 497
>Dover, Delaware 19903

>*/s/ Kathleen Furey McDonough*
>Kathleen Furey McDonough (#2395)
>POTTER ANDERSON & CORROON LLP
>1313 North Market Street
>Hercules Plaza, 6th Floor
>Wilmington, DE  19801
>(302) 984-6000
>kmcdonough@potteranderson.com